IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| KEVIN BAKER ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00376 |
| ) | |
| SUMNER COUNTY *et al.* ) | |

TO:   Honorable Waverly D. Crenshaw, Jr., United States District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Memorandum Opinion and Order entered May 22, 2024 (Docket Entry No. 14), this *pro se* and *in forma pauperis* civil rights case was referred to the Magistrate Judge for pretrial proceedings, under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. For the reasons set out below, the undersigned respectfully recommends that this case be **DISMISSED WITHOUT PREJUDICE**.

## I.   BACKGROUND

Kevin Baker ("Plaintiff") is a former inmate of the Sumner County Jail ("Jail") in Gallatin, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on April 3, 2024, while still confined at the Jail.[1] Complaint (Docket Entry No. 1). Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Jail. Subsequent to his complaint, Plaintiff filed two supplements that expounded upon his allegations. (Docket Entry Nos. 5 and 8.)

---

[1] On April 16, 2024, Plaintiff informed the Court that he had been released from the Jail and provided a new mailing address. (Docket Entry No. 10.)

Upon initial review of the lawsuit under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated an arguable constitutional claim against correctional officer f/n/u Gary for the use of excessive force and an arguable municipal liability claim against Sumner County, Tennessee based on a failure to train theory. (Docket Entry No. 14 at 8.) The Court dismissed claims against another officer at the Jail who was listed in Plaintiff's pleadings. (*Id*.)

After process was issued, the two Defendants filed a motion for a more definite statement. (Docket Entry No. 21.) Plaintiff did not respond to the motion. By Order entered January 2, 2025 ("Order"), the Court, after review of Plaintiff's multiple pleadings, granted the motion and directed Plaintiff to file an amended complaint by January 24, 2025, that: (1) contains the specific factual allegations supporting his claims against only these two defendants; (2) sets out his allegations in separately number paragraphs; and, (3) includes a separate section setting out his requested relief. (Docket Entry No. 23.) The Court specifically warned Plaintiff that "<u>his failure to file the amended complaint as directed by the Court may result in a recommendation that this case be dismissed.</u>" (*Id*.) (emphasis in original).

Plaintiff has not filed the amended pleading as directed by the Court or otherwise responded to the Court's Order in any manner.

## II. DISMISSAL OF THE CASE

Rule 16(f)(1) of the Federal Rules of Civil Procedure[2] provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). The sanctions set forth in Rule 37(b)(2) include the sanction of "dismissing the action or proceeding in

---

[2] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Further, it is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626 (1961), and Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

Plaintiff's failure to comply with the Court's Order, coupled with his underlying failure to respond to Defendants' motion for a more definite statement, indicates that he has lost interest in prosecuting his case. Despite the explicit warning from the Court of the consequences of not responding to the Court's Order, Plaintiff has ignored the Order.

Although the Court recognizes Plaintiff's status as a *pro se* litigant affords him with some measure of leniency, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties to comply with the orders of the Court. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (Haynes, J.) (*pro se* plaintiff's failure to respond to discovery requests and adhere to court-imposed deadlines warranted sanction of dismissal); *Hanners v. Jones*, 2007 WL 2710694 (M.D. Tenn. Sept. 13, 2007) (Nixon, J.) (same). Given Plaintiff's apparent unwillingness to prosecute the case in the normal fashion and his disregard of the Court's Order, dismissal of the case is appropriate.

The Court has already determined that Plaintiff needs to revise his pleadings prior to a response from Defendants. Plaintiff's own conduct has placed this action at a standstill. Nevertheless, given the early stage of the litigation and the minimal prejudice caused to Defendants, a dismissal without prejudice is appropriate.

### R E C O M E N D A T I O N[3]

For the reasons set out above, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rules 16(f)(1) and 41(b) of the Federal Rules of Civil Procedure.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[3] This Report and Recommendation provides another notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause for why the action should not be dismissed.

4

Case 3:24-cv-00376  Document 24  Filed 02/11/25  Page 4 of 4 PageID #: 92